IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STICKLE, | 2:08-CV- 01874-RRC |
| Plaintiff, | **ORDER** |
| vs. | **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| SOLTANIAN, et al., | **AND** |
| Defendants. | **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |

        Plaintiff, a prisoner proceeding pro se, has filed a request for leave to proceed in forma pauperis and a civil rights action pursuant to 42 U.S.C. § 1983.

I.    Application to Proceed In Forma Pauperis and Filing Fee

        Plaintiff's Application to Proceed In Forma Pauperis is granted. 28 U.S.C. § 1915(a). Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee

1 | is paid in full. 28 U.S.C. § 1915(b)(2).

2 | II.     Statutory Screening of Prisoner Complaints

3 | The Court is required to screen complaints brought by prisoners seeking relief against a

4 | government entity or an employee of a government entity. 28 U.S.C. § 1915A. The Court must

5 | dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or

6 | malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief

7 | from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines

8 | that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an

9 | opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d

10 | 1122, 1127-29 (9th Cir. 2000) (en banc).

11 | In civil rights cases where the plaintiff is proceeding pro se, the Court reviews the pleadings

12 | liberally. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The Court accepts all allegations of

13 | material fact as true and construes them in the light most favorable to the plaintiff. Barnett v.

14 | Centoni, 31 F.3d 813, 816 (9th Cir. 1994). However, conclusory allegations are insufficient. Ove v.

15 | Gwinn, 264 F.3d 917, 821 (9th Cir. 2001). Furthermore, while Rule 8(a)(2) of the Federal Rules of

16 | Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is

17 | entitled to relief[,]" the pleadings need to "'give the defendant fair notice of what . . . the claim is

18 | and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)

19 | (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Including numerous pages of exhibits and

20 | attachments with the complaint does not provide fair notice. See Hatch v. Reliance Ins. Co., 758

21 | F.2d 409, 415 (9th Cir. 1985).

22 | To make out a claim under 42 U.S.C. § 1983, a plaintiff must plead that (1) defendants acting

23 | under the color of state law (2) deprived him of rights secured by the Constitution or federal statutes.

24 | Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). To show that inadequate medical care

25 | deprived him of a right secured by the Constitution, a plaintiff must allege "acts or omissions

26 | sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v.

27 | Gamble, 429 U.S. 97, 104, 106 (1976). This standard is met if a plaintiff shows (1) a serious

28 | medical need that if untreated would result in further significant injury or unnecessary pain and (2)

that defendants purposefully acted or failed to respond to the need which resulted in further harm to plaintiff. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

In this case, Plaintiff claims that Defendants have been deliberately indifferent to his medical needs. He alleges that Dr. Soltanian ordered a surgery and that all Defendants ignored his medical problems and declined to provide him medical care. It appears that Plaintiff's main contention is that after the surgery, the area operated upon became infected and he was denied antibiotics and medical attention. However, it is unclear who did, or declined to do, what; what they knew about Plaintiff's needs; and, when these actions, or inactions, were taken.

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies noted above. The Clerk will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right, as further explained above; and (5) what specific injury Plaintiff suffered because of the defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he names as a defendant, without reference to attachments or exhibits, and must avoid legal argument. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes an original complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. Ferdik, 963, F.2d at 1262.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed In Forma Pauperis is granted.

2. As required by this Order, Plaintiff must pay to the appropriate government agency $350.00.

3. The Complaint is dismissed for failure to state a claim. Plaintiff has 30 days from the date this Order is signed to file a first amended complaint in compliance with this Order.

4. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

5. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED: May 13, 2009.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE

- 4 -