IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STICKLE, | 2:08-CV-01874-RRC |
| Plaintiff, | **ORDER** |
| vs. | |
| SOLTANIAN, et al., | **DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a First Amended Complaint in this 42 U.S.C. § 1983 action.[1] The Court finds that Plaintiff has failed to state a claim against any of the named defendants.

The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must

---

[1] Plaintiff has also submitted an Application to Proceed In Forma Pauperis. The Court, however, in its May 13, 2009, order, has already granted Plaintiff such status.

- 1 -

construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In a May 13, 2009, order, the Court dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted.

To maintain a § 1983 action based on deficient prison medical treatment in violation of the Eight Amendment, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). This standard is met if a prisoner establishes "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence or medical malpractice, however, does not violate a prisoner's Eighth Amendment rights. Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to an inmate's health and safety. Id. at 1057.

Plaintiff filed the present action against Dr. Soltanian, Dr. Brett Williams, Dr. Hoshimoto, Dr. Hawkins, PA Todd, and RN Wehlers, claiming that they acted with deliberate indifference to his medical needs.

In 2007, Dr. Soltanian performed surgery on Plaintiff's upper leg. Dr. Soltanian did not prescribe Plaintiff antibiotics, and Plaintiff's leg became infected. Plaintiff alleges that Dr. Soltanian knew "how easy it would be" for Plaintiff's wound to become infected because Plaintiff suffers from a variety of blood diseases. Plaintiff does not allege, however, that Dr. Soltanian actually knew he was putting Plaintiff at risk by not prescribing him antibiotics immediately after the surgery or that Dr. Soltanian ever refused him antibiotics or other care at a later date. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eight Amendment." Toguchi, 391 F.3d at 1057 (internal quotation marks and brackets omitted); see also Estelle, 429 U.S. at 107 ("But the question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. [It] . . . does not represent cruel and unusual punishment."). Therefore, because Plaintiff has not

alleged that Dr. Soltanian knew he was putting Plaintiff at risk, Plaintiff has not stated a cognizable claim for relief against Dr. Soltanian.

Plaintiff also saw Dr. Hoshimoto after his surgery. Plaintiff alleges that Dr. Hoshimoto did not prescribe him antibiotics as well, but he does not allege that Dr. Soltanian knew of the infection or that Plaintiff ever requested antibiotics or other care from him. Thus, for the same reason identified above, Plaintiff has failed to state a claim.

As for the other four defendants, Plaintiff complains of their inactions in relation to his medical care. None of the allegations, however, explain what harm, if any, the defendants' failure to act caused Plaintiff, as would be required to state a valid claim for relief. Jett, 439 F.3d at 1096.

Liberally construed then, the Court finds that Plaintiff's complaint fails to state a cognizable claim against any of the named defendants. Within 30 days, Plaintiff may submit a Second Amended Complaint to cure the deficiencies noted above. The Clerk will mail Plaintiff a court-approved form to use for filing this complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes an original complaint. Ferdie v. Bandelet, 963 F.2d 1258 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. Ferdie, 963, F.2d at 1262. Plaintiff has already been given one opportunity to amend his complaint. If Plaintiff's Second Amended Complaint does not state a cognizable claim for relief, it will be dismissed with prejudice. In other words, it will be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Complaint is dismissed for failure to state a claim. Plaintiff has 30 days from the date this Order is signed to file a Second Amended Complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must,

without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

      3. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED: September 10, 2009.

/s/ RIchard R. Clifton

RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE