IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM STICKLE,

    Plaintiff,

vs.

SOLTANIAN, et al.,

    Defendants.

2:08-CV-01874-RRC

**ORDER**

**(1) DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM;**

**AND**

**(2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

    Plaintiff, a state prisoner proceeding pro se, has filed a Second Amended Complaint in this 42 U.S.C. § 1983 action. The Court finds that Plaintiff has failed to state a claim against any of the named defendants.

    The Court is required to screen complaints brought by prisoners seeking relief against a government entity or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

To maintain a § 1983 action based on deficient prison medical treatment in violation of the Eight Amendment, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). This standard is met if a prisoner establishes "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence or medical malpractice, however, does not violate a prisoner's Eighth Amendment rights. *Toguchi v. Chung*, 391 F.3d 1051, 1060–61 (9th Cir. 2004). A prison official acts with deliberate indifference only if he or she knows of and consciously disregards an excessive risk to an inmate's health and safety. *Id.* at 1057.

Plaintiff filed the present action against Dr. Soltanian, Dr. Hoshimoto, Dr. Hawkins, and RN Wohlers, claiming that they acted with deliberate indifference to his medical needs. There are eight counts in the complaint. None states a claim for an Eighth Amendment violation.

Count I alleges that Dr. Soltanian failed to prescribe antibiotics for three weeks after Plaintiff's surgery. Similarly, Count II alleges that Dr. Soltanian failed to order postoperative care. Neither count alleges, for example, that Dr. Soltanian was aware of any problem and failed to act. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eight Amendment." *Toguchi*, 391 F.3d at 1057 (internal quotation marks and brackets omitted); *see also Estelle*, 429 U.S. at 107 ("But the question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. [It] . . . does not represent cruel and unusual punishment.").

Count III alleges that the surgery was unnecessary and harmful. But "where a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law. To prevail under these principles, [Plaintiff] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . must show that they

chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citations omitted). Plaintiff has not alleged that Soltanian's decision to order surgery was in conscious disregard of an excessive risk to his health or that the order was medically unacceptable.

Count IV essentially complains that Dr. Hoshimoto failed to "follow up" on blood work at least twice. There is no allegation, however, that Dr. Hoshimoto's failures were in conscious disregard of an excessive risk. Nor is there any allegation that Plaintiff suffered any harm from Dr. Hoshimoto's inaction.

Count V states that Plaintiff was denied clean bandages and antibiotics for almost three weeks after his surgery. It does not allege, however, that Dr. Soltanian or anyone else purposefully failed to respond to his pain or possible medical need. *See Jett*, 439 F.3d at 1096. As Plaintiff notes in Count I, antibiotics had not been prescribed in the relevant time period, so the failure to provide them was not deliberately indifferent. Nor does the complaint name any defendant who refused to provide bandages, or allege that any defendant, named or unnamed, was conscious of and disregarded an excessive risk to Plaintiff's health and safety by refusing his request for new bandages.

Count VI alleges that the surgery was faulty and caused an infection. Essentially, this is a claim for negligence, medical malpractice, or both. Neither constitutes an Eighth Amendment violation. *See Toguchi*, 391 F.3d at 1060–61.

Count VII alleges that Dr. Hawkins has ordered medical procedures and tests that have not been completed. It does not allege that Dr. Hawkins has ever been aware that his orders had not been followed, and so it does not state a claim that Dr. Hawkins has acted with deliberate indifference.

Count VIII alleges that RN Wohlers "denied [Plaintiff] medical treatment." It does not say what treatment was denied, whether Wohlers denied treatment in conscious disregard of an excessive risk, or whether Plaintiff suffered any harm from the denial of treatment, so it does not state a claim for deliberate indifference.

In addition to alleging that Wohlers denied him treatment, Count VIII alleges that she "hit

[him] physically on [his] wound" where he "had just had a bandage put on" from his surgery, causing him pain. Plaintiff further alleges that Wohlers said, "Watch out" because "Stickle has a lawsuit" and laughed at him. The Court liberally construes these allegations as an additional complaint against Wohlers for the use of excessive force. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Yet not "every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10 (citation and internal quotation marks omitted). Even when viewed in the light most favorable to Plaintiff, the use of force by Wohlers was *de minimis*. So too was any injury that it caused. Plaintiff does not allege, for example, that any pain that Wohlers caused led him to seek treatment. *See* 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 626–29 (9th Cir. 2002). Plaintiff's claim against Wohlers therefore fails no matter whether the Court construes it as one for deliberate indifference or one for the use of excessive force.

      The Court finds that Plaintiff's complaint fails to state a cognizable claim against any of the named defendants. The Court previously held that Plaintiff, who has now been given two opportunities to amend his complaint, would not be permitted to file a Third Amended Complaint if his Second Amended Complaint did not state a cognizable claim for relief. However, because it appears to the Court that the Second Amended Complaint represents a serious effort to organize Plaintiff's allegations and a good faith attempt to comply with the Court's instructions, Plaintiff will be given one more opportunity. The Second Amended Complaint will be dismissed without prejudice and leave will be granted to file a Third Amended Complaint.

      Plaintiff is specifically advised that neither negligent treatment nor medical malpractice by itself violates the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060–61. The Second Amended Complaint does not indicate how any defendant acted with deliberate indifference to Plaintiff's medical needs. It is therefore insufficient.

      For the foregoing reasons, Plaintiff's Second Amended Complaint will be dismissed for

failure to state a claim upon which relief may be granted. Within 60 days, Plaintiff may submit a Third Amended Complaint to cure the deficiencies noted above. The Clerk will mail Plaintiff a court-approved form to use for filing the Third Amended Complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements telling the court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right, as further explained above; and (5) what specific injury Plaintiff suffered because of the defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Plaintiff must repeat this process for each person he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed. Defendants who Plaintiff cannot claim acted with deliberate indifference caused him harm should not be named as defendants in any amended complaint.

Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint, the First Amended Complaint, or the Second Amended Complaint by reference. Plaintiff may include only one claim per count.

Any amended complaint supersedes any other complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint, the First Amended Complaint, and the Second Amended Complaint as nonexistent. *Ferdik*, 963, F.2d at 1262.

Finally, Plaintiff has requested that the Court appoint counsel. The Court recognizes that Plaintiff's mental condition and limited education have made preparing the filings in this case

difficult for him, but appointing counsel is not warranted because Plaintiff has not yet described the underlying facts in sufficient detail to make clear that an Eighth Amendment violation has occurred. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) ("Counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity."). In recognition of the trouble that Plaintiff has had, the Court has given Plaintiff 60 days rather than 30 to prepare and file a Third Amended Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Second Amended Complaint is **DISMISSED** for failure to state a claim. Plaintiff has **60 days** from the date this Order is signed to file a Third Amended Complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 60 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

4. The Request for Appointment of Counsel is **DENIED**.

DATED: September 13, 2010.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE