IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WILLIAM STICKLE, | 2:08-CV-01874-RRC |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **DISMISSING THIRD AMENDED COMPLAINT WITHOUT** |
| SOLTANIAN, et al., | **PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| Defendants. | |

Plaintiff William Stickle, a state prisoner proceeding pro se, has filed a Third Amended Complaint in this 42 U.S.C. § 1983 action. The Court concludes that Stickle has failed to state a claim against any of the named defendants and dismisses the complaint with leave to amend.

The Court is required to screen complaints brought by prisoners seeking relief from a government entity or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Mindful that Stickle filed this complaint pro se, the Court construes the allegations in his complaint liberally. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Nonetheless, to state a claim upon which relief may be granted and avoid dismissal, a complaint cannot merely recite the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the complaint must include factual allegations that make it plausible, rather than merely possible, that the defendant is liable. *Id.* In other words, the complaint must contain "factual content

-1-

that allows the court to draw the reasonable inference that the defendant is liable." *Id.* Facts that are "merely consistent with" a defendant's liability are insufficient. *Id.*

To maintain a § 1983 claim under the Eighth Amendment based on deficient medical care in prison, the inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d at 1091, 1096 (9th Cir. 2006). To meet this standard, the inmate must establish "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* A prison official only acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A showing of medical malpractice or mere negligence in diagnosing or treating a medical condition is insufficient. *Id.*

In the present action, Stickle names Dr. Denny Schoch, San Joacquin General Hospital, Dr. Hoshimoto, Physician's Assistant Todd, and Registered Nurse Sally Wohlers as defendants. He alleges that these defendants violated his Eighth Amendment rights during the course of a surgery, which resulted in an infection, and the care he received after the surgery. Turning to the allegations against each defendant, the Court concludes that none of the allegations make out a claim for an Eighth Amendment violation.

I.  **Dr. Denny Schoch**

Stickle alleges that Dr. Schoch's decision to operate on Stickle, and the manner in which he carried out the surgery, created an excessive risk to Stickle's health. First, Stickle alleges that Schoch surgically removed a lump from his hip with an exam table and tools that were not sterilized. Second, he alleges that Schoch failed to stop bleeding caused by blood vessels cut during the surgery, resulting in a bruise covering 40 percent of Stickle's body. Third, Stickle alleges that he suffered excessive blood loss and a higher probability of infection because Schoch failed to take into account that Stickle had been diagnosed with hepatitis C.

To prevail on these claims, Stickle must not only show that the surgery was "medically unacceptable under the circumstances," but also that it was chosen "in conscious disregard of an excessive risk." *Toguchi*, 391 F.3d at 1058. Stickle makes some attempts to allege that Schoch knew

of these risks, but his allegations fall short of stating a claim. For example, Stickle alleges that Schoch was "fully aware" of the poor conditions in the medical facility. To state a claim, however, Stickle cannot simply allege that Schoch knew of the poor conditions, but must allege factual content making it plausible that Schoch knew surgery was medically unacceptable under the circumstances and went ahead with it anyways. *See Iqbal*, 556 U.S. at 678. Stickle alleges some factual content to buttress his claim, namely that the risks associated with operating on a hepatitis C victim are common knowledge in the medical community. But in light of the alternative explanation—that the doctor simply made a poor judgment call—this allegation is not enough to make deliberate indifference a plausible explanation for Schoch's decision to operate. Stickle has not mustered enough specific factual allegations to make it plausible that Schoch operated even though he was aware that surgery would be to the detriment of Stickle's health. *See id.* Therefore, these allegations fail to state a claim.

Finally, Stickle makes an Eighth Amendment claim on the basis of pain he suffered during the operation. He alleges that he was given only a local anesthetic, but that the operation requires general anesthesia. He further alleges that during the surgery, Schoch ignored his complaints of pain and told him, "Think of how much pain your victim suffered."

These allegations fail to state a claim because Stickle has not shown that this pain constituted a serious medical need. A deliberate indifference claim requires showing that the plaintiff had a "serious" medical need, which exists if failing to treat a condition would result in "further significant injury" or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Stickle alleged that he was given a local anesthetic, and he has not alleged facts showing that he suffered pain any more severe than what might routinely accompany a surgery. *See id.* at 1060 (citing "chronic and substantial pain" as examples of indications that a prisoner has a "serious" medical need).

II. **San Joacquin General Hospital**

Stickle alleges that the hospital "did knowingly allow" defendant Schoch to violate his rights

-3-

and also "did knowingly act to cover up" these violations. A plaintiff may bring a § 1983 action against a hospital that contracts with the public prison system to treat inmates, *see Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991), and Stickle alleges that the hospital is "a contracted medical care provider via the California Department of Corrections and Rehabilitation." While there is no vicarious liability under § 1983, a supervisor may be held liable for her own deliberate indifference if she knows and acquiesces in the unconstitutional conduct of her subordinates. *See See Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

These allegations fail to state a claim against the hospital because, as the Court concluded in the previous section, Stickle has failed to allege that he suffered any constitutional violation in the hospital at the hands of Dr. Schoch. Moreover, even if Schoch committed the alleged constitutional violations, Stickle alleges no facts supporting his conclusory allegation that the hospital was aware of these violations. *Id.* at 1216 (holding that, while allegations in a complaint "may not simply recite the elements of a cause of action," the complaint at issue survived a motion to dismiss because plaintiff specifically alleged that the supervisor received several reports giving him notice of constitutional violations).

### III. Dr. Hoshimoto

Stickle alleges that Dr. Hoshimoto "allow[ed] defendant Registered Nurse Todd to dictate" his medical treatment plan by failing to issue an order allowing him to eat in his cell in lieu of walking to the dining hall on his infected leg. This claim fails because the allegations do not show that Stickle suffered any harm on account of Hoshimoto's actions. It seems that Stickle nonetheless received a cell feeding order. Stickle alleges that he was issued a cell feeding order on the same day of his appointment with Hoshimoto, and that on a subsequent date Dr. Soltanian told him to "continue" cell feeding. And even if Stickle was deprived of cell feeding privileges for some period of time, the allegations fail to show that any associated harm can be attributed to Hoshimoto. The complaint does not make clear what Hoshimoto did, and whether it was he, Todd, or Soltanian with the responsibility and authority to order or revoke cell feeding privileges.

### IV. Physician's Assistant Todd

-4-

Stickle alleges that Todd ordered Hoshimoto to prescribe contraindicated medications, resulting in a decline in Stickle's health. Because the complaint does not allege that Todd was aware that any adverse consequences would result from these medications, it fails to state a claim for deliberate indifference.

Stickle further alleges that Todd ordered attending nurses to ignore his complaints of muscle spasms and leg pain, stating that Stickle "just wants to get high." Stickle fails to establish any causal connection between Todd's order and continued suffering on his part. Stickle does not allege that he failed to receive any particular care or medication he needed after this conversation between the nurses and Todd, nor that the nurses even heeded Todd's advice. The claim also fails to the extent Stickle is alleging that Todd's "disparaging comments" about him constitute a constitutional violation. Unless calculated to cause psychological damage, verbal harassment generally does not constitute an Eighth Amendment violation. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

Finally, Stickle alleges that Todd changed the dressing on his wound in a manner that deliberately caused him pain. The Court construes this allegation as a claim for the use of excessive force. Prison officials violate the Eighth Amendment when they "maliciously and sadistically use force to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). But not "every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10. Stickle has not alleged that Todd applied any more than de minimis force in changing his bandage.

V. **Sally Wohlers**

Stickle alleges that Wohlers caused him pain and exacerbated his infection by pouring tap water into his surgical wound, and then packed the wound with gauze in a way that would be painful to remove. Construing these allegations as a deliberate indifference claim, the claim fails because Stickle has not alleged that Wohlers was aware of and consciously disregarded the risk of the water worsening his infection. If the court construes the allegations as a claim for excessive force, they fail

-5-

to constitute an Eighth Amendment violation because they allege no more than the de minimis use of force.

Stickle also alleges that Wohlers interfered with his medical treatment. This claim fails because it does not "contain sufficient allegations of underlying facts to give fair notice" to Wohlers of the basis of the claim. *Starr*, 652 F.3d at 1216. Stickle does not allege how Wohlers interfered with his treatment, nor how her actions injured him.

Finally, Stickle makes allegations of humiliation he suffered at the hands of Wohlers. In particular, he alleges that his rights were violated when Wohlers said his wound smells like rotting meat, when she forced him to stand up while changing his bandages on one occasion, and when she made him stand partially naked in a hallway. None of these allegations demonstrate that Wohlers' actions resulted in a deprivation of Stickle's medical needs. *See Keenan*, 83 F.3d at 1092.

## VI. Conclusion

The Court concludes that Stickle's complaint fails to state a claim against any of the named defendants. The Court previously advised Stickle, who has now had three opportunities to amend his complaint, that he might not be given additional opportunities should his Third Amended Complaint fail to state a claim. It appears, however, that Stickle has made a good faith effort to comply with the Court's instructions and remedy some of the deficiencies in his Second Amended Complaint. In particular, the Court takes note of Stickle's attempts to include allegations that defendants acted in "conscious disregard" of his medical needs, which were lacking in the Second Amendment Complaint. Therefore, the Court will permit Stickle to file a Fourth Amended Complaint. If any Fourth Amended Complaint that Stickle files fails to state a claim, and the Court determines that permitting additional opportunities to amend would be futile, the Court will not permit Stickle to file another. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

The Court advises Stickle that he must do more than allege that the elements of a deliberate indifference claim have been met. He must also allege specific facts showing that it is plausible that the element has been met. *Iqbal*, 556 U.S. at 678. For example, one element of a deliberate indifference claim is that the defendant "knows of and disregards an excessive risk to inmate health

-6-

and safety." *Toguchi*, 391 F.3d at 1057. Stickle cannot meet this element by merely alleging that the defendant knew of and disregarded an excessive risk to Stickle's health. Stickle must also allege specific facts that allow the court to reasonably conclude that the defendant knew of and disregarded that risk, rather than that the defendant simply made an error in medical judgment.

Stickle's Third Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 60 days, Stickle may submit a Fourth Amended Complaint to cure the deficiencies noted above. The Clerk will mail Stickle a court-approved form to use for filing the Fourth Amended Complaint. If Stickle fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice.

In any amended complaint, Stickle must write short, plain statements telling the Court: (1) the constitutional right violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Stickle's constitutional right; and (5) what specific injury he suffered because of the defendant's conduct. Stickle must repeat this process for each person he names as a defendant. Conclusory allegations that a defendant violated a constitutional right, without specific factual allegations supporting those conclusions, are not acceptable and will be dismissed. If Stickle cannot allege facts showing that a particular defendant acted with deliberate indifference and caused him harm, that defendant should not be named in any amended complaint.

Stickle must clearly designate on the face of the document that it is the "Fourth Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint, the First Amended Complaint, the Second Amended Complaint, or the Third Amended Complaint by reference. Stickle may include only one claim per count.

Any amended complaint supersedes any other complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). After amendment, the Court will treat the original Complaint, the First Amended Complaint, the Second Amended Complaint, and the Third Amended Complaint as nonexistent. *Id.*

Accordingly, IT IS HEREBY ORDERED that:

1. The Third Amended Complaint is DISMISSED for failure to state a claim. Stickle has 60 days from the date this Order is signed to file a Fourth Amended Complaint in compliance with this Order.

2. If Stickle fails to file an amended complaint within 60 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

3. The Clerk of Court must mail Stickle a court-approved form for filing a civil rights complaint by a prisoner.

DATED: July 11, 2013.

/s/ Richard R. Clifton
RICHARD R. CLIFTON
UNITED STATES CIRCUIT JUDGE